United States District Court
Southern District of Texas
FILED

OCT 12 1998

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE VILLANUEVA-VELASQUEZ    )
                             )
v.                           )          C.A. No. B - 98 - 143
                             )
E.M. TROMINSKI, INS DISTRICT )
    DIRECTOR                 )
_____)


PETITION FOR WRIT OF HABEAS CORPUS

Comes Jose Villanueva-Velasquez, by and through the undersigned,
and, pursuant to 28 USC §2241(c)(1) and (c)(3), files the instant
Petition for Writ of Habeas Corpus, seeking relief from the
Decision of the Board of Immigration Appeals, (the "BIA"), dated
August 21, 1998, (Petitioner's Exhibit A, herein incorporated by
reference), ordering that he be deported to Mexico.


I.  THE FACTS AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who has been a lawful
permanent resident since March 21, 1973.  In 1991, and again in
1993, he was convicted of simple possession of cocaine, and placed
under deportation proceedings, in which he applied for relief under
8 USC §1182(c).  However, at the time of the scheduled merits
hearing, Mr. Villanueva was detained, and the Immigration Judge
administratively closed the case.  In the process, he inquired of
the INS Attorney whether INS anticipated that the case would be
recalendered, in the institutional hearing program.  INS replied in
the affirmative.  The Judge then noted that Mr. Villanueva was
still eligible for §212(c) relief, and observed that the case would
probably not be processed under that program "at least until after

he's served more than five years," i.e., until he was no longer eligible for §212(c) relief.  INS gave assent, by its silence, to the Judge's characterization of the program.

True to the spirit, if not the letter, of the Judge's prediction, INS did not move to recalendar Mr. Villanueva's case until May 16, 1996, (about three weeks after the enactment of the Antiterrorism and Effective Death Penalty Act, which, according to INS, retroactively rescinded Mr. Villanueva's eligibility for relief), and the case was not, in fact, re-docketed until March 3, 1997, shortly after the issuance of the Attorney General's decision in *Matter of Soriano*, I.D. 3289 (BIA 1996; AG 1997).

Because of these delays, which appear calculated to destroy his eligibility for relief, Mr. Villanueva requested that his case be heard on a *nunc pro tunc* basis. *See, Batanic v. INS*, 12 F.3d 662 (7th Cir. 1993) (where law changes prior to remand for Due Process violations, rendering alien statutorily ineligible for relief, he must be allowed to proceed on a *nunc pro tunc* basis). His request was denied, and an appeal was taken.  On appeal, he re-urged this theory, and preserved various other claims of error, including his challenge to *Soriano*, and certain Equal Protection issues.

On August 21, 1998, the Board dismissed his appeal, based solely on the decision of the Attorney General in *Matter of Soriano, supra*, holding that AEDPA §440(d) applies to all cases pending when it was enacted.  The Board noted his constitutional challenges, but completely ignored his argument that he should be allowed to proceed on a *nunc pro tunc* basis.

2

## II.  THE CAUSE OF ACTION

Among other issues, the instant petition challenges the decision of the Attorney General in *Matter of Soriano, supra*, on the grounds that Congress did not intend that AEDPA §440(d) be applied retroactively.  The case therefore falls within the series of habeas petitions which the parties agreed would be governed by *Cantu-Salinas v. Trominski,* No. C.A. B-97-183, decided August 26, 1998, Southern District of Texas, Hon. Filemon B. Vela presiding. In said case, Judge Vela held that the Court had jurisdiction under 28 USC §2241, that Congress did not intend that 8 USC §1252(g) amend 28 USC §2241, and that Congress also did not intend for AEDPA §440(d) to be applied to convictions predating its enactment.  *See also, Lerma de Garcia v. INS,* 141 F.3d 215 (5th Cir. 1998);*U.S. ex rel Marcello v. INS*, 634 F.2d 964 (5th Cir. 1981); *Heikkila v. Barber*, 345 U.S. 229 (1953); *Felker v. Turpin*, 116 S.Ct. 2333 (1996); *Magana-Pizano v. INS,* 1998 WL 550111 (9th Cir. September 1, 1998) (where no other avenue of appeal exists, repeal of habeas jurisdiction over deportation order violates Suspension Clause of the U.S. Constitution); *Goncalves v. Reno,* 1998, 144 F.3d 110 (1st Cir. 1998); *Jean-Baptiste v. Reno*, 1998 WL 228120 (2nd Cir. May 8, 1998), pet. for rehearing pending, (neither AEDPA nor IIRIRA affected jurisdiction over deportation orders under 28 USC §2241); *Mojica v. Reno*, 970 F.Supp. 130 (E.D.N.Y. 1997), and *Sabino v. Reno*, __ F.Supp. __, 1998 WL 313305 (S.D.Tx June 1, 1998).

As previously noted, Mr. Villanueva also contends that the delay in processing his case violated his rights to Due Process and Equal Protection, and that he was prejudiced by this delay. He also contends that AEDPA §440(d) violates Equal Protection, in that,

3

pursuant to *In re Campos-Fuentes,* I.D. 3318 (BIA 1997), it restricts access to relief only to residents in deportation, and not those under exclusion proceedings. As erroneously interpreted by the BIA in *Matter of Gonzalez-Camarillo*, I.D. 3320 (BIA 1997), AEDPA §440(d) precludes adjustment of status, with a 212(c) waiver of the ground of excludability created by the conviction. Had his applications been before the District Director, rather than the Immigration Judge, §440(d) would have presented no such barrier. This also violates Equal Protection. *See, Plyler v. Doe*, 102 S.Ct. 2382 (1982) (even aliens unlawfully present in the United States are entitled to Equal Protection); *Reno v. Flores*, 113 S.Ct. 1439, 1449 (1993) (federal statute reviewed for Equal Protection violation, but none found); *Texas Manufactured Housing Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996) (to pass Equal Protection muster, factor on which legislative discrimination is based must bear fair and substantial relationship to the objectives of the legislation); *Yeung v. INS,* 76 F.3d 337, 339 (11th Cir. 1996) (statute violates Equal Protection where eligibility for relief based on an arbitrary factor); *Bedoya-Valencia v. INS*, 6 F.3d 891, 895 (2nd Cir. 1993) (same); *Ghassan v. INS,* 972 F.2d 631, 633,n.2 (5th Cir. 1992) (extending §212(c) relief to aliens in deportation proceedings on Equal Protection grounds). *See also*, *Nuñez v. Boldin,* 537 F.Supp. 578, 584-85 (S.D.Tx. 1982), aff'd, 692 F.2d 755 (5th Cir. 1982) (right to apply for relief from deportation, and receive meaningful consideration of such an application, may be protected by Due Process Clause).

It is therefore urged that, in accordance with *Cantu-Salinas v. Trominski, supra*, the instant deportation order be vacated, and the case be remanded to the BIA for further proceedings consistent with

4

CutePDF - www.texis.com

the principles set forth therein.

Respectfully Submitted,



Lisa S. Brodyaga, Attorney at Law
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550
(956) 421-3226

VERIFICATION

I, Lisa S. Brodyaga, certify that I am familiar with the facts as
stated above, and that they are true and correct to the best of my
knowledge and belief.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JOSE VILLANUEVA-VELASQUEZ     )
 )
v.     )   C.A. No.   *B-98-143*
 )
E.M. TROMINSKI, INS DISTRICT   )
    DIRECTOR   )
_____)

EXHIBIT "A" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

**U.S. Department of** ~~Justice~~ ·stice                    D~~ecisio~~ n of the Board of Immigration Appeals
Executive Office for Imm. ~gration Review

Falls Church, Virginia 22041

---

File:   A34 338 921 - Harlingen                    Date:   AUG 21 1998

In re:  JOSE VILLANUEVA-VELAQUEZ

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Lisa S. Brodyaga, Esquire
                           402 East Harrison, 2nd Floor
                           Harlingen, Texas  78550

ON BEHALF OF SERVICE:      Cheri L. Jones
                           Assistant District Counsel


ORDER:

     PER CURIAM.  You are seeking relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c).  However, you are statutorily ineligible for such relief as an "alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are, without regard to the date of their commission, otherwise covered by section 241(a)(2)(A)(i)."  See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA") § 440(d); Matter of Soriano, Interim Decision 3289 (A.G., Feb. 21, 1997).

     You have argued on appeal that AEDPA is unconstitutional.  We cannot rule on the constitutionality of laws enacted by Congress.  See, e.g., Matter of Fuentes-Campos, Interim Decision 3318 (BIA 1997); Matter of C-, 20 I&N Dec. 529 (BIA 1992).

     Accordingly, your appeal is dismissed.


_____
FOR THE BOARD