19

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 2 3 2001

Michael N. Milby
By Deputy Clerk

| | |
|---|---|
| JOSE VILLANUEVA-VELASQUEZ, Petitioner | |
| v. | No. CA B-98-143 |
| E.M. TROMINSKI, Respondent. | |

## MEMORANDUM ORDER

The instant case is one of a series of Petitions for Writs of Habeas Corpus, challenging final orders of deportation issued by the Board of Immigration Appeals under the authority of *Matter of Soriano*, I.D. 3289 (BIA 1996; AG 1997), holding that §440(d) of Antiterrorism and Effective Death Penalty Act, ("AEDPA"), which restricted eligibility for relief from deportation under 8 U.S.C. §1182(c), applied to all cases pending when it was enacted. The parties designated *Cantu-Salinas et al v. Trominski,* C.A. B-97-183, Honorable Filemon B. Vela, presiding, as the lead case in this series, and agreed that the conclusions reached by this Court therein would extend to all the cases in the series.

On August 26, 1998, the Honorable Filemon B. Vela signed an Order in that case, finding jurisdiction under 28 U.S.C. §2241(c)(1) and (c)(3); and concluding that Congress did not intend for AEDPA §440(d) to apply to convictions occurring prior to its enactment. Consequently, the Court remanded the case to the BIA for further proceedings on the Petitioner's application for §212(c) relief. Thereafter, similar orders were entered in the other thirty-one cases in the series, granting the petitions for habeas corpus, and remanding the cases to the Board of Immigration Appeals for further proceedings on the Petitioners' applications for §212(c) relief. INS appealed all thirty-two cases, (involving thirty-four persons). The appeals were consolidated at the Fifth Circuit, *Cantu-Salinas et al v. Trominski et al,* No. 98-41325, and consolidated cases.

On October 12, 1998, Mr. Villanueva filed the instant petition, challenging an Order of the Board of Immigration Appeals, issued August 21, 1998, under the authority of *Matter of Soriano, supra.* The parties agreed that the case be held in abeyance, pending resolution of the *Cantu-Salinas* series, and the Court signed an unopposed Order to that effect.

Subsequently, the Attorney General acquiesced in the proposition, as found by the majority of Courts which had ruled on the issue, that Congress did not intend AEDPA §440(d) to apply to cases where

2

deportation proceedings had been commenced prior to enactment. *See,* Federal Register, January 22, 2001, Volume 66, Number 14, Pages 6436-6446, at page 6438.

In light of *Requena-Rodriguez v. INS*, 190 F.3d 299 (5th Cir. 1999), the Petitioners in the *Cantu-Salinas* series requested that the Fifth Circuit affirm the Orders of the District Court, on different grounds, to wit, that the Attorney General had acquiesced in the legal conclusion that AEDPA §440(d) did not apply to cases initiated prior to its passage.[1] However, in lieu thereof, the Attorney General opted to withdraw the appeals in all but two of the consolidated appeals.[2] Therefore, the District Court orders became final. In keeping with the agreement of the parties, and in the interests of fairness, the same results should obtain for all the Petitioners in this series,

IT IS THEREFORE HEREBY ORDERED that the instant Petition For Writ of Habeas Corpus be, and the same hereby is, *GRANTED*.

---

[1] In *Requena*, the Court concluded that AEDPA §440(d) applied, under the facts of that case, and in light of the issues raised, and not raised, therein, even though the conviction had occurred, and proceedings had commenced, prior to its enactment.

[2] The Court remanded *Lerma de Garcia v. Trominski*, CA B-97-150 for resolution of the ineffective assistance of counsel issue, and *Rodriguez-Cerna v. Trominski*, CA B-97-259, to determine whether the case should be dismissed with, or without, prejudice.

3

IT IS FURTHER ORDERED that the decision of the Board of Immigration Appeals of August 21, 1998 be *vacated*, and that the case be *remanded* to the BIA for further proceedings consistent herewith.

The Clerk of Court shall send certified copies of the foregoing to all counsel of record.

DONE AT BROWNSVILLE, TEXAS

this ___19___ day of ___July___, 2001.

_____
HILDA G. TAGLE
United States District Judge